1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

THOMAS ANTHONY DIAZ,

      Plaintiff,

 v.

JEFFREY BEARD, Secretary,

      Defendant.

CASE NO. 13cv1438-L (MDD)

REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RE:  RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

  Thomas Anthony Diaz ("Petitioner") a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dr. Jeffrey Beard, Secretary, (hereinafter "Respondent"),  filed a Motion to Dismiss Petition for Writ of Habeas Corpus and moves this Court to dismiss the Petition as untimely under 28 U.S.C. § 2244(d)(1)(D).  (ECF No. 4).

  Based upon the documents presently before the Court and for the reasons stated below, the Court RECOMMENDS Respondent's Motion to Dismiss be GRANTED

## Summary of Proceedings

  Petitioner is currently serving a prison term of sixteen years following his conviction of forcible oral copulation, attempted forcible rape, forcible rape by use of a foreign object, assault with intent to

1  commit rape, sexual battery by restraint, and false imprisonment by
2  violence, menace, fraud or deceit.

3       On September 9, 2010, Petitioner raised two claims on direct appeal
4  to the state appellate court: 1) the prosecutor committed misconduct
5  during closing argument; and 2) expert opinion testimony was improperly
6  admitted.  On August 29, 2011, the state appellate court denied the
7  appeal and affirmed the judgement in its entirety.  (Lodgement 2).

8        Petitioner subsequently appealed to the California Supreme Court
9  and asserted the same claims presented to the California Court of
10  Appeal.  On November 16, 2011, the state supreme court denied the
11  appeal without citation. (Lodgement 6).   Petitioner's conviction became
12  final on February 14, 2012, ninety days after the period in which to file a
13  petition writ of certiorari pursuant to 28 U.S.C. § 2244(d)(1)(A).

14       On June 20, 2013, Petitioner filed the instant petition for writ of
15  habeas corpus in this court. (ECF No. 1).  He raised the same claims that
16  were raised on direct appeal. Respondent filed a motion to dismiss on
17  August 6, 2013. (ECF No. 4).  Petitioner filed an opposition to the motion
18  on August 22, 2013.  (ECF No. 6).  The Motion is deemed submitted and
19  is ready for a decision.

20                        **Statement of Facts**

21       As the Court's disposition of his matter does not depend on a
22  factual analysis of Petitioner's underlying state court conviction, the
23  Court simply notes that Petitioner was convicted of forcible oral
24  copulation, attempted forcible rape, forcible rape by use of a foreign
25  object, assault with intent to commit rape, sexual battery by restraint,
26  and false imprisonment by violence, menace, fraud or deceit.
27  //
28  //

## Standard of Review

The Petition was filed after the enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the Court applies the AEDPA in its review of his action. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

AEDPA, created a one-year statute of limitations for filing of a federal habeas petition by a state prisoner. The applicable statute of limitations is set forth in 28 U.S.C. § 2244(d) as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or collateral review with respect to the pertinent

1  judgment or claim is pending shall not be counted toward any period of

2  limitation under this subsection.

3      The record here shows that after the California Supreme Court

4  denied the Petitioner's direct appeal on November 16, 2011, Petitioner

5  did not seek review in the United States Supreme Court.  Accordingly,

6  for AEDPA purposes, the process of direct review of Petitioner's

7  conviction concluded on February 14, 2012, when the ninety-day period

8  for filing a petition for certiorari in the Supreme Court expired.  *Bowen v.*

9  *Roe*, 188 F.3d 1157-1158059 (9th Cir. 1999).  The limitations period for

10  seeking federal habeas relief expired one year later, on February 14,

11  2013.  See 28 U.S.C. § 2244(d).  Unless tolling applies, the instant

12  Petition, filed on June 20, 2013, is time barred.

13                        **Discussion**

14      Respondent's Motion to Dismiss asserts the Petition for Writ of

15  Habeas Corpus is barred by the one year statute of limitations set forth

16  in 28 U.S.C. § 2244(d)(1).  (ECF No. 4).  Neither party disputes that

17  Petitioner's statute of limitations expired on February 14, 2013.

18  Respondent moves to dismiss the instant Petition as untimely because

19  Petitioner did not properly file his petition until June 20, 2013, which is

20  four months and seven days beyond the one year statute of limitations.

21  (Id.)

22      Respondent also contends: 1) Petitioner does not qualify for

23  statutory tolling because he never sought collateral review; and 2)

24  Petitioner does not qualify for equitable tolling because Petitioner has

25  failed to demonstrate some extraordinary circumstance prevented him

26  from filing timely. (Id.)

27      Petitioner does not contend he is entitled to statutory tolling.

28  Therefore, the Court will not entertain the possibility of statutory tolling.

Petitioner opposes Respondent's motion and asserts the following facts: Counsel was retained in 2012 to appeal Petitioner's conviction in federal court. (Opp. at 2).  In August of 2012, counsel prepared a petition for filing and appeared in the office of the Clerk of Court for the Southern District of California on August 29, 2012. (Id.)   Counsel allegedly paid the filing fee with a business credit card and was instructed at that time on how to electronically file the petition. (Id.)  Petitioner's counsel relayed the filing instructions to a member of his staff and "believed the petition and accompanying memorandum were timely filed." (Id.)  Sometime in June of 2013, counsel realized he had "received nothing from the court regarding this case" and could not locate the case on the court's electronic docket. (Id.)  According to counsel, it was "eventually discovered that the electronic filing executed by my office had not been received, or, if received, not processed by the clerk's office." (Id.)  Ultimately, the petition was filed and a case number was assigned on June 20, 2013. (Id.)

Based upon this statement of facts, Petitioner puts forward two alternate theories to support his claim that his petition should be deemed timely filed prior to the February 14, 2013 deadline. Petitioner first contends the doctrine of constructive filing applies pursuant to *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988).  Specifically, Petitioner asserts that "while the clerk's office did not 'officially file' the petition until June 20, 2013, his counsel presented it for filing and paid the filing fee on August 29, 2012, well before the filing deadline."  (Opp. at 3). Alternatively, Petitioner asserts "the court may find that the deadline was subject to equitable tolling commencing on June 20th, 2012, (sic) as petitioner "(1) has been pursuing his right diligently, and (2) that some extraordinary circumstances stood in his was (sic) to prevent timely filing. (*Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549 (2010), at 2562.)"

1   Petitioner provides no further argument to support his claims.

2   **Constructive Filing**

3         The constructive filing doctrine allows a court to construe an

4   untimely notice of appeal as having been timely filed under certain

5   circumstances.  *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988).

6   Petitioner briefly argues the applicability of the constructive filing

7   doctrine in this case with citation only to *Houston*, *Id.*

8         Petitioner's reliance on the holding in *Houston* is misplaced.  The

9   Court in *Houston* ruled that the constructive filing doctrine is applicable

10   to prisoners unrepresented by counsel:

11           The situation of prisoners seeking to appeal without the
aid of counsel is unique.  Such prisoners cannot take the steps
12   other litigants can take to monitor the processing of their
notices of appeal and to ensure that the court clerk receives
13   and stamps their notices of appeal before the . . . deadline.
Unlike other litigants, pro se prisoners cannot personally
14   travel to the courthouse to see that the notice is stamped
"filed" or to establish the date on which the court received the
15   notice. . . . Pro se prisoners cannot take any of these
precautions; nor by definition do they have lawyers who can
16   take these precautions for them.

17   *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382 (1988).

18         Here, Petitioner is represented by counsel who presumably could

19   have taken advantage of all the resources available to him to confirm the

20   Petition had been successfully filed.  Based on the facts presented,

21   Petitioner is not entitled to the benefit of the constructive filing doctrine

22   enunciated in *Houston*.

23   **Equitable Tolling**

24         "Federal courts recognize that the AEDPA statute of limitations

25   may be equitably tolled in certain circumstances." *Holland v. Florida*,

26   560 U.S. 631, 130 S.Ct. 2549 (2010).  The Ninth Circuit has held the

27   AEDPA's one-year statute of limitations is subject to equitable tolling

28   "only if extraordinary circumstances beyond a prisoner's control make it

1    impossible to file a petition on time." *Stillman v. LaMarque*, 319 F.3d
2    1199, 1202 (9th Cir. 2003) (citing *Miles v. Prunty*, 187 F.3d 1104, 1107
3    (9th Cir. 1999)).  The extraordinary circumstances must be the reason for
4    the untimeliness.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003);
5    *Bryant v. Ariz. Atty Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007)  ("A
6    petitioner must show that his untimeliness was caused by an external
7    impediment and not by his own lack of diligence.") "[T]he threshold
8    necessary to trigger equitable tolling [under AEDPA] is very high, lest
9    the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066
10   (9th Cir. 2002) (citing *United States v. Marcello*, 212 F.3d 1005, 1010 (7th
11   Cir. 2000)).  "[E]quitable tolling is unavailable in most cases." *Miles,* 187
12   F.3d at 1107.

13        Respondent argues that Petitioner is not entitled to equitable
14   tolling because he "makes no attempt to explain the sixteen months of
15   inactivity between the time his conviction became final and the time his
16   Petition was filed." (MTD at 6).  Respondent further contends that "[a]
17   satisfactory explanation is hard to [imagine] - the petition, asserting the
18   same claims made on direct appeal, was filed by the same attorney who
19   handled the direct appeal." (Id.).

20        Petitioner asserts that the court could find equitable tolling applies
21   in this case.  Other than offering the suggestion that the court find
22   equitable tolling pursuant to the recent Supreme Court case of  *Holland*
23   *v. Florida*, 560 U.S. 631, 130 S.Ct. 2549 (2010), Petitioner makes no
24   further argument in support of his claim.

25        The holding in *Holland v. Florida* does not support Petitioner's
26   claim for relief.  The Court in *Holland* held that "[a] petitioner is 'entitled
27   to equitable tolling' only if he shows '(1) that he has been pursuing his
28   rights diligently, and (2) that some extraordinary circumstance stood in

his way' and prevented timely filing." *Id.* at 2562 (citing *Pace v. Digulielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)) (emphasis deleted). "[C]ircumstances of a case must be 'extraordinary' before equitable tolling can be applied . . . ." *Id.*  It is Petitioner's burden to establish that equitable tolling is warranted in his case. *Porter III v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010).

Here, the facts presented demonstrate that Petitioner's attorney's conduct caused the Petition to be improperly filed, missing the filing deadline.  Although attorney misconduct may be a basis for equitable tolling to apply, it is well-settled that the misconduct must be sufficiently egregious to meet the extraordinary misconduct standard.  *Porter III,* 620 F.3d at 959.   In *Holland*, the Court held counsel's "various failures violated fundamental canons of professional responsibility." *Holland,* 130 S.Ct. at 2564, ("Here [counsel] failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. [Counsel] did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. . . . And [counsel] failed to communicate with his client over a period of years, despite various pleas from Holland that counsel respond to his letters.");  *see also*, *Calderon v. United States Dist. Ct. for C.D. of Cal. (Beeler)*, 122 F.3d 1283 (9th Cir. 1997) (allowing tolling where client was prejudiced by a last minute change in representation that was beyond his control); *Spitsyn*, 345 F.3d at 800-802 (finding that 'extraordinary circumstances' may warrant tolling where lawyer denied client access to files, failed to prepare a petition, and did not respond to his client's communications). '[A] garden variety claim of excusable neglect' . . . such as a simple 'miscalculation' that leads a lawyer to miss a deadline, . . . does not warrant equitable

tolling." *Holland*, 130 S.Ct. at 2564. (internal citations omitted).

Here, counsel's actions are unfortunate and perhaps negligent but his failures are not the type of egregious professional misconduct contemplated by the applicable law.  No evidence has been presented that Petitioner's counsel acted in a willful or knowingly deceptive manner.  Counsel states he attempted to electronically file a petition on August 29, 2012, but failed to confirm it was successfully filed until June of 2013, when he "realized that we had received nothing from the court regarding this case." (Opp. at 2).  In comparison to the cases cited herein, the failure to properly file the Petition on August 29, 2012, does not constitute an extraordinary circumstance.  Nor does Attorney Ford's failure to follow-up on Petitioner's case from August 29, 2012 to June 2013 create an extraordinary circumstance.  Indeed, this appears to be just the type of garden-variety error for which equitable tolling is unavailable. "If credited, [Petitioner's] argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079 (2007).

Based upon the record before the court, Petitioner has not carried his burden of establishing that he is entitled to equitable tolling and his federal petition is barred by AEDPA's statute of limitations.  Accordingly, it is recommended that Respondent's motion to dismiss be granted.

**Evidentiary hearing**

"A habeas petitioner...should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (citing *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003).  " To succeed on his claim to equitable tolling, [Petitioner] must show by a preponderance of the

1   evidence, that he 'has been pursuing his rights diligently,' and that 'some
2   extraordinary circumstance stood in his way...'to prevent the timely filing
3   of a habeas petition." *Holland*, 130 S.Ct. at 2562.  Reasonable diligence
4   in attempting to file a habeas petition must occur *after* the extraordinary
5   circumstance began.  *Spitsyn*, 345 F.3d at 802.  "The purpose of requiring
6   habeas petitioners to demonstrate diligence in order to be entitled to an
7   evidentiary hearing regarding equitable tolling is to ensure that the
8   extraordinary circumstances faced by petitioners ... and not their lack of
9   diligence-were the cause of the tardiness of their federal petitions." *Roy*,
10  465 F.3d at 973.

11          There is no basis for the court to conduct an evidentiary hearing in
12  this case for two reasons. First, taking all the facts alleged by Petitioner
13  as true, he is not entitled to relief because equitable tolling is unavailable
14  when an attorney's "garden variety" negligent conduct causes a client's
15  habeas petition to be filed late. *Holland*, 130 S.Ct. at 2564; *see also Frye*
16  *v. Hickman, 273 F.3d 114, 1146* ("concluding that the miscalculation of
17  the limitations period by ... counsel and his negligence in general do not
18  constitute extraordinary circumstances sufficient to warrant equitable
19  tolling.")  Second, assuming for the sake of argument that counsel's
20  actions created an extraordinary circumstance, his failure to follow-up on
21  the case after the date of attempted electronic filing, is insufficient to
22  demonstrate diligence as contemplated by the applicable law.  The facts
23  of this case are undisputed.  Petitioner's attorney was *not* unaware of, or
24  miscalculated, the federal habeas filing deadline. (Opp at 1).  Counsel's
25  error was that he failed to confirm for nine months that the Petition was
26  properly on file. Petitioner has failed to articulate any fact that
27  interfered with his attorney's ability to access the Court's electronic
28  docketing system after August 2012 to review the case and insure the

petition had been timely filed.  Standing alone, these facts do not go beyond "garden variety negligence" or "excusable neglect." "In short, ...[this case] does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris v. Hutchinson*, 209 F.3d 325, 331 (9th Cir. 2000). Accordingly, there is no basis for an evidentiary hearing.

### Conclusion

Based on the record before the Court and for the reasons stated herein, IT IS HEREBY RECOMMENDED that the court issue an order: (1) approving and adopting this Report and Recommendation; (2) Granting Respondent's motion to dismiss as set forth herein; and (3) directing that judgement be entered dismissing the Petition for failure to file within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

IT IS ORDERED that no later than **January 13, 2014**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **January 27, 2014**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

IT IS SO ORDERED.

DATED:  December 27, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge