UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS ANTHONY DIAZ | ) | Civil No. 13cv1438 L (MDD) |
| Petitioner, | ) ) | **ORDER ADOPTING THE REPORT AND RECOMMENDATION [doc. #7]; OVERRRULING OBJECTIONS and GRANTING MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [doc. #4]** |
| v. | ) ) | |
| JEFFREY BEARD, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner Thomas Anthony Diaz, who is represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Mitchell D. Dembin for a Report and Recommendation ("Report"). *See* 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. The magistrate judge issued a Report recommending the petition be denied and requiring objections, if any, to the Report to be filed no later than January 13, 2014. [doc. #7]

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner timely filed objections to the Report and therefore, the Court will review the

findings of the magistrate judge *de novo*.

**A.      Background**

As set forth in the Report, petitioner was convicted of six counts and sentenced to a 16-year term of incarceration. In the state appellate court, petitioner raised two claims on direct appeal. On August 29, 2011, the appeal was denied and the judgment affirmed in its entirety. Petitioner further appealed the same claims to the California Supreme Court. On November 16, 2011, the California Supreme court denied the appeal without citation. On February 14, 2012, petitioner's conviction became final.

On June 20, 2013, petitioner filed a petition for writ of habeas corpus in this Court, which raised the same claims that were presented on direct appeal in the state court. Respondent filed a motion to dismiss the petition contending the petition was untimely under AEDPA. In this case, it is undisputed that AEDPA's limitation period expired on February 14, 2013, but the petition was not filed until June 20, 2013. Thus the petition is facially untimely and can only be timely if the limitation period is tolled under statutory or equitable tolling principles. Petitioner opposed the motion. Upon review of the briefing, the magistrate judge recommended that the motion to dismiss the habeas petition be granted.

**B.      Standard of Review**

The AEDPA imposes a one-year limitations period for the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(1). The statute provides, in pertinent part, that the limitations period runs from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999).

The timeliness provision in the federal habeas corpus statute is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A federal habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*,

at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances must be the cause of the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

When, as here, it appears that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). The burden remains on petitioner to show that the "extraordinary circumstances" he identifies were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. *Spitsyn*, 345 F.3d at 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir.2003). This standard is difficult to meet and ordinary claims of attorney negligence do not justify equitable tolling. *Holland*, 130 S. Ct. at 2564; *Spitsyn*, 345 F.3d at 800.

**C.     Discussion**

In response to the motion to dismiss the petition as untimely, respondent's counsel states that he prepared a petition for filing and appeared at the office of the Clerk of the Court for the Southern District of California on August 29, 2012. He paid the filing fee and was instructed to file the petition electronically. Counsel provided the filing instructions to a member of his staff and "believed the petition and accompanying memorandum were timely filed." (Opp. at 2.) In mid-June 2013, counsel checked the court's electronic docket and could not locate the case. On June 20, 2013, the petition was electronically filed and a case number assigned.

Petitioner contends that the petition should be deemed timely based on either the doctrine of constructive filing or equitable tolling.

**1.     Constructive Filing under *Houston v. Lack***

Petitioner acknowledges that the "clerk's office did not 'officially file' the petition until June 20, 2013," but contends that counsel presented it for filing and paid the filing fee prior to the filing deadline and therefore, the petition should be deemed timely. (Opp. at 3.) Petitioner relies upon *Houston v. Lack*, 108 S. Ct. 2379 (1988). In *Houston*, the petitioner was proceeding

*pro se* when he filed a notice of appeal of the denial of his petition for habeas relief. He delivered his notice of appeal to prison authorities for mailing to the district court within the required 30-day period. However, the district court received the petition one-day after the requisite filing period.

In considering whether the notice of appeal was timely, the Supreme Court noted:

> Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. . . . Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them.

*Houston*, 108 S. Ct. at 2382-83.

The *Houston* Court decision clearly was concerned for and directed to the *pro se* petitioner and not for the represented petitioner as Diaz is here. Constructive filing is not applicable in this case.

**2.     Equitable Tolling**

Petitioner first contends that the petition was "lawfully and timely filed when presented to the clerk and the fee paid on August 29, 2012, several months prior to the AEDPA filing deadline." (Obj. to Report at 3.) Counsel does not have a file-stamped hard copy of the petition which would have indicated that the court clerk physically received the petition. Instead, petitioner acknowledges that along with the receipt for the filing fee, "Counsel was given instructions regarding the **required electronic filing procedure**."  (*Id.* (emphasis added)) Counsel further states that he directed his staff to electronically file the petition. Accordingly, counsel was well aware that the petition was not filed on August 29, 2012, and the petition would not be filed until it was electronically filed. Merely paying the filing fee and having a hard-copy of the petition in hand at the Clerk's Office does not make the petition filed.

Alternatively, petitioner points to *Holland v. Florida* to assert he is entitled to equitable tolling, *i.e.,* petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way which prevented the timely filing of his petition. *See Holland*, 130 S. Ct. 2549 (2010). However, counsel does not and cannot demonstrate that an extraordinary

circumstance prevented the filing of the petition. Counsel's failure to timely confirm the electronic filing of the petition and follow up on petitioner's case for over eight months was not caused by an external impediment and falls far short of an extraordinary circumstance. "'[A] garden variety claim of excusable neglect' . . . does not warrant equitable tolling." *Holland*, 130 S. Ct. at 2564.

Petitioner has failed to meet his burden of demonstrating that the limitation period was sufficiently tolled under equitable principles.

Having reviewed the Report, petitioner's objections thereto, and respondent's motion to dismiss which was fully briefed, **IT IS ORDERED:**

1. The Report and Recommendation is **ADOPTED** in its entirety;
2. Petitioner's objections are **OVERRULED**;
3. Defendant's motion to dismiss the habeas petition is **GRANTED**; and
3. The Clerk of the Court is **DIRECTED** to enter judgment in favor of respondent and against petitioner.

**IT IS SO ORDERED.**

DATED: January 21, 2014

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL