UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ANTHONY DIAZ, <br><br>     Petitioner, <br><br> v. <br><br> JEFFREY BEARD, <br><br>     Respondent. | Civil No. 13cv1438 L (MDD) <br><br> **ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Thomas Anthony Diaz, who is represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Mitchell D. Dembin for a Report and Recommendation ("Report"). *See* 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. The magistrate judge issued a Report recommending the petition be denied and requiring objections, if any, to the Report to be filed no later than January 13, 2014. [doc. #7] Petitioner timely filed objections to the Report. The Court reviewed the findings of the magistrate judge *de novo* as required by 28 U.S.C. § 636(b)(1) and thereafter, adopted the Report, overruled the objections, and granted respondent's motion to dismiss the petition as untimely. The Court did not, however, make a finding concerning whether a Certificate of Appealability should issue. With this Order, the Court finds and concludes that a COA should not issue in this matter.

"A certificate of appealability should issue only if the petitioner has made a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "The COA determination under §2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 1983), citing *Barefoot v. Estelle*, 463 U.S. at 880, 893 n.4 (1983)). Nevertheless, issuance of the COA "must not be pro forma or a matter of course," and a "prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 337-38, quoting *Barefoot*, 463 U.S. at 893).

In the present case, the Court did not consider the merits of the petition but instead, determined that under AEDPA, the petition was not timely filed. Petitioner argued that under *Houston v. Lack*, 108 S. Ct. 2379 (1988), his petition should be considered timely because it was constructively filed before the deadline. But the Court determined that constructive filing was not applicable in this case as petitioner was represented by counsel throughout the proceedings.

Petitioner also argued for the application of equitable tolling under *Holland v. Florida,* 130 S. Ct. 2549 (2010). However, petitioner did not provide any facts to demonstrate that some extraordinary circumstance stood in his way which prevented the timely filing of his petition. Instead it appeared that counsel failed to adequately monitor for a significant period of time.

/ / /
/ / /
/ / /
/ / /
/ / /

Based on the foregoing, Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). The Court therefore declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

DATED: January 23, 2014

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL