UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ANTHONY DIAZ,<br><br>                          Petitioner,<br><br>v.<br><br>JEFFERY BEARD,<br><br>                          Respondent. | Case No.:  13cv1438 L (MDD)<br><br>**ORDER DENYING AMENDED MOTION FOR RELIEF FROM FINAL JUDGMENT [ECF No. 20]** |

On August 13, 2015, petitioner filed an amended motion for relief from a final judgment under Federal Rule of Civil Procedure 60, that dismissed as untimely his petition for writ of habeas corpus under 28 U.S.C. §2254. Although given notice of the motion, respondent has not filed an opposition to the motion. Having reviewed the matter, the Court will deny the current motion for the reasons set forth below.

**I.      Procedural Background**

Petitioner was convicted of six counts and sentenced to a 16- year term of incarceration. In the state appellate court, petitioner raised two claims on direct appeal. On August 29, 2011, the appeal was denied and the judgment affirmed in its entirety. Petitioner further appealed the same claims to the California Supreme Court. On November 16, 2011, the California Supreme court denied the appeal without citation. On February 14, 2012, petitioner's conviction became final. On June 20, 2013, petitioner

1   filed a petition for writ of habeas corpus in this Court, which raised the same claims that
2   were presented on direct appeal in the state court. Respondent filed a motion to dismiss
3   the petition contending the petition was untimely under AEDPA. On December 27, 2013,
4   the magistrate judge entered a Report and Recommendation ("Report") which found
5   AEDPA's limitation period expired on February 14, 2013, and therefore, the petition filed
6   June 20, 2013 was untimely and would only be considered timely if the limitation period
7   was tolled under statutory or equitable tolling principles. Petitioner filed objections to the
8   Report. On January 21, 2014, the Court adopted the Report and overruled petitioner's
9   objections. On January 23, 2014, the Court denied petitioner a certificate of appealability.
10  Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeals and requested a
11  certificate of appealability which was denied on September 29, 2014.

## II.   Factual Background

The issue of the timeliness of petitioner's petition revolves around his counsel's failure to timely file the petition. Counsel states that he prepared a petition for writ of habeas corpus for filing and appeared in person on August 29, 2012, at the office of the Clerk of the Court for the Southern District of California. Counsel was instructed to file the petition electronically. Interestingly counsel does not explicitly acknowledge that the petition was returned to him and was not maintained at the Clerk's Office. Counsel provided the filing instructions to a member of his staff. The staff member paid the filing fee online and received a filing fee receipt from the Clerk's Office but no other indication that the petition had been electronically filed. Nevertheless, at that point counsel's staff member and counsel believed that the petition and accompanying memorandum were filed. Nearly ten months later, in mid-June 2013, counsel checked the court's electronic docket and could not locate the case because the petition had not been electronically filed. On June 20, 2013, the petition was electronically filed and a case number assigned.

Petitioner argued in response to respondent's motion to dismiss that the petition should be deemed timely based on either the doctrine of constructive filing or equitable tolling. The magistrate judge disagreed as did the undersigned.

### III.  Legal Standard

As noted above, petitioner seeks to have the judgment vacated under Federal Rule of Civil Procedure 60(a) and (b)(1) and (6).

Rule 60(a) provides in relevant part that "[T]the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "In determining whether a mistake may be corrected under Rule 60(a), 'our circuit focuses on what the court originally intended to do.'" *Tattersalls, Ltd. v. De Haven*, 745 F.3d 1294, 1298 (9th Cir. 2014)(quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)). Thus, "[t]he basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind." *Blanton,* 813 F.2d at 1577 n. 2.  "Substantive changes of mind by a court cannot be effected through Rule 60(a) . . . [a] court's failure to memorialize part of its decision . . . is a clerical error." *Buchanan v. United States*, 755 F.Supp. 319, 324 (D. Or.1990); *see also Blanton v. Anzalone*, 813 F.2d 1574, 1577 n. 2 (9th Cir. 1987).

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant relief based on: (1) mistake, inadvertence, surprise or excusable neglect; or (6) any other reason justifying relief. FED. R. CIV. P. 60(b).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), overruled on other grounds by *United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or

correct an erroneous judgment." *Id*. (internal quotation marks omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding ... in a proper fashion." *Id*. (internal quotation marks omitted. *See also Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) ("A motion brought under [Rule] 60(b)(6) must be based on grounds other than those listed in the preceding clauses.").

**III.   Discussion**

    **A.   Clerical Mistakes; Oversights and Omissions**

Petitioner failed to properly electronically file his petition and further failed to monitor the status of the purported filing for many months. Counsel contends that it was the failure of the Clerk's Office to determine if petitioner filed his petition citing the Electronic Case Filing Administrative Policies and Procedures Manual. Section 2(n)(4)[1] states in pertinent part: "If the Clerk's Office discovers filing or docketing errors, the filer will be advised of what further action, if any, is required to address the error." By petitioner's account, the Clerk's Office should have discerned that petitioner intended to file a habeas petition even though none was filed. The Clerk's Office is not expected to intuit counsel's intention.

Petitioner also notes that under the Policies and Procedures Manual, Section 2(m), "[a] registered user whose filing is made untimely as a result of a technical failure may seek appropriate relief from the court." However, petitioner has pointed to no technical failure with the electronic filing other than the filing was not made by him or his staff. There was no clerical mistake made by the Clerk's Office.

"A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990) (citing *Jones & Guerrero Co. v.*

---

[1] Petitioner incorrectly cites Section 1(n)(4) and 1(m) from the Policies and Procedures Manual rather than Section 2.

*Sealift Pacific*, 650 F.2d 1072, 1074 (9th Cir.1981)).  In the present case, the Court intended its decision adopting the Report and dismissing petitioner's petition for untimeliness under AEDPA. Accordingly there is no basis for relief under Rule 60(a).

### B.     Rule 60(b)(1): Mistake or Excusable Neglect

Petitioner argues that relief should be granted under Rule 60(b)(1) because of mistake, either his or the Clerk's Office, or excusable neglect. "Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004) (affirming denial of Rule 60(b)(1) motion to set aside default judgment); *see also Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (articulating that "[t]o qualify for equitable relief under Rule 60(b)(1), the movant must demonstrate ... excusable neglect" and noting "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)") (citation and internal quotation marks omitted) (emphasis added).

In this case the length of delay was significant, almost 10 months, before counsel even inquired about petitioner's petition. Counsel did not track the petition but rather did nothing to confirm that the petition was actually filed. Although not appearing malicious, counsel's lack of attention suggests an absence of good faith. The reason for delay, counsel's inattentiveness, was solely in petitioner's counsel's hands. Although some prejudice will manifest, prejudice is not the singular factor to consider. All the other factors weigh heavily in favor of finding the neglect was not excusable under the law.

### C.     Rule 60(b)(6)

As noted above, the "catchall provision" is sparingly used and only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Washington*, 394 F.3d at 1157. Here, petitioner must establish "both injury and circumstances beyond his control that prevented him from

1  proceeding . . . in a proper fashion." *Id*.

2  Petitioner has not established exceptional circumstances that warrant relief under
3  Rule 60(b)(6). Counsel failed to monitor the status of his purported filing for almost ten
4  months. Nor does counsel specify any circumstances, much less extraordinary
5  circumstances, that were beyond his control and prevented him from determining whether
6  the petition was filed or not in a timely manner. Accordingly, petitioner is not entitled to
7  relief under Rule 60(b)(6).

8  **Conclusion**

9  Based on the foregoing, petitioner's motion for relief from final judgment is
10 **DENIED.**

11 **IT IS SO ORDERED**.

12 Dated:  September 15, 2015

_____
Hon. M. James Lorenz
United States District Judge